NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELMER E. CAMPBELL, JR.,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3096

---

Petition for review of the Merit Systems Protection Board in case no. SF0752100331-I-1.

---

Decided: December 16, 2011

---

ELMER E. CAMPBELL, JR., of Vallejo, California, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, PLAGER, and DYK, *Circuit Judges.*

PER CURIAM.

Elmer Campbell, Jr., ("Campbell") appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *Campbell v. U.S. Postal Serv.*, SF-0752-10-0331-I-1, 115 M.S.P.R. 531 (M.S.P.B., Jan. 7, 2011). While the Board correctly held that it lacked jurisdiction over Campbell's constructive suspension claim and properly dismissed his VEOA appeal, the Board failed to consider whether Campbell established jurisdiction based on a furlough of 30 days or less. We affirm in part, vacate in part, and remand for further proceedings to consider whether jurisdiction exists because Campbell was subjected to a furlough of 30 days or less.

## BACKGROUND

Campbell has been employed by the United States Postal Service ("the Postal Service") since 1982 as a full duty mail handler. Prior to his employment with the Postal Service, he served in the Marine Corps, where he suffered a service-connected injury resulting in the amputation of his right leg below the knee. In July 1985, he sustained an injury in the performance of his duties as a mail handler, which he received compensation for from the Office of Workers' Compensation Programs ("OWCP") and was consequently placed on "light duty."

Campbell remained on light duty until the OWCP determined in June 1997 that he had fully recovered from his work-related injury. Campbell, however, maintained that his prior military service-related injury prevented him from returning to full duty. Therefore, he continued to perform light duty within his medical restrictions.

According to Campbell, beginning in October 28, 2009, the Postal Service began denying Campbell light-duty

work because such work was reserved for employees injured on the job, and Mr. Campbell's injuries preceded his employment with the Postal Service and were thus not job-related. On subsequent days, Campbell reported to work every morning, clocked in, and was then told there was little or no light-duty work for him to perform. He then applied for annual or sick leave to cover the portion of his 8-hour day not worked (or risk being AWOL) and clocked out. He was paid for the time he clocked in.

On January 12, 2010, Campbell filed an appeal to the Board—pro se at the time although shortly thereafter he was represented—alleging that the Postal Service discriminated against him and improperly denied him work. The Administrative Judge ("AJ") issued an Acknowledgement Order on January 14, 2010, advising Campbell that he appeared to be alleging a "constructive suspension" claim and that he needed to establish jurisdiction by making a nonfrivolous allegation that he was absent from work for medical reasons and asked to return work with altered duties, and the agency denied his request and unreasonably failed to accommodate him. In addition, the AJ also advised Campbell that it appeared he was claiming jurisdiction under the Veterans Employment Opportunity Act of 1998 ("VEOA"), 5 U.S.C. § 3330a. The AJ ordered Campbell to file evidence and argument supporting jurisdiction, namely, that he had exhausted his remedy at the Department of Labor. Campbell responded, alleging that the agency's denial of 8 hours of light-duty work per day was an appealable constructive suspension pursuant to 5 U.S.C. §§ 7512 and 7513, and that it violated the Rehabilitation Act of 1973, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964. He did not address the VEOA claim.

The Postal Service moved to dismiss and submitted evidence of Campbell's time and attendance records and

that Campbell had been paid for working between 0.11 and 3.98 hours on most days between October 29, 2009 and the filing of the appeal. On April 28, 2010, the AJ issued its Initial Decision dismissing Campbell's appeal for lack of jurisdiction. The AJ found that Campbell had failed to make a nonfrivolous allegation of constructive suspension because he was never in a continuous period of non-pay, non-duty status of over 14 days. The AJ also dismissed Campbell's VEOA complaint because he had failed to submit any evidence to establish VEOA jurisdiction.

Campbell petitioned the full Board for review, and on January 7, 2011, the Board issued a Final Order, dismissing Campbell's appeal for lack of jurisdiction. The Board noted that even if Mr. Campbell had made an allegation of absence for 14 consecutive days, there could be no constructive suspension because the agency acted in accordance with the applicable collective bargaining agreement, which permitted light duty assignments to consist of less than 8 hours per day or less than 40 hours per week. Campbell then timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Campbell argues that since October 29, 2009, he has been informed that there was no work for him and that he was forced to choose between taking

annual or sick leave or risk being considered AWOL and that on some days he has been forced to take leave without pay. He also argues that he was at all times a full-time regular employee who was merely performing some light-duty functions due to his military service-connected injury, and is therefore entitled to full-time employment. The time spent clocking in, clocking out, and filing leave paperwork was not "work" even though he received payment, however small.

The government argues that Campbell failed to make a nonfrivolous allegation that he was absent for more than 14 continuous days, or that the agency violated any contractual provision in denying him light work. Instead, the government notes that Campbell was paid each day spent clocking in, clocking out, and awaiting information about available work, and, occasionally, performing light-duty assignments. In other words, Campbell was not absent for 14 consecutive days. In addition, the government urges that even if he had alleged the required 14-day absence, there could have been no constructive suspension because the Postal Service acted in accordance with the applicable collective bargaining agreement.

We conclude that the Board did not err in holding that Campbell was not subjected to a suspension of more than 14 days and hence was not entitled to appeal to the Board. An employee's absence for more than 14 days that results in a loss of pay may be a "constructive suspension" appealable to the Board under 5 U.S.C. §§ 7512(2) and 7513(d), but it is undisputed that Campbell did not undergo a continuous suspension for over 14 days. It simply appears that the agency had insufficient light-duty work for Campbell. In addition, Campbell's allegations of disability discrimination and violations of the ADA and Rehabilitation Act are not independent sources of Board jurisdiction. *See Cruz v. Dep't of the Navy*, 934 F.2d 1240,

1245 (Fed. Cir. 1991); *Wren v. Dep't of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 618 F.2d 867, 871-73 (D.C. Cir. 1982). As Campbell admittedly did not undergo consecutive suspensions and there is no evidence that the agency was attempting to circumvent Board jurisdiction, the Board correctly dismissed Campbell's appeal, assuming it was properly characterized as a constructive suspension.

Although Campbell failed to establish jurisdiction based on a suspension of more than 14 days, the Board erred in failing to consider whether Campbell had established jurisdiction based on a furlough of 30 days or less. *See* 5 U.S.C. § 7512(5). Although the AJ's Acknowledgement Order construed Campbell's initial pro se appeal as a constructive suspension claim, the statute quite clearly indicates that while a suspension is placement in non-duty, non-pay status for "disciplinary" reasons, 5 U.S.C. § 7501(2), a furlough is placement in non-duty, non-pay status for "lack of work" or other nondisciplinary reasons, § 7511(a)(5). Campbell's initial appeal indicated that his claim was based on a lack of work. Furthermore, data was submitted to the AJ indicating that Campbell was forced to accept leave without pay for certain periods. Thus, the AJ was obligated to consider an alternative basis for jurisdiction based upon a furlough. *See McNeese v. Dep't of Homeland Sec.*, 97 M.S.P.R. 28, 31 (M.S.P.B. 2004) ("AJs are 'expected to interpret pleadings liberally.'" (citation omitted)). Furthermore, jurisdiction over claims brought pursuant to the Americans with Disabilities Act and the Rehabilitation Act are not defeated by the existence of a collective bargaining agreement. Accordingly, the Board erred by failing to address whether Campbell had established jurisdiction based upon a furlough of 30 days or less.

As for Campbell's claim under the VEOA, Campbell failed, after being ordered by the AJ, to establish jurisdic-

tion. Under the VEOA, the Board has appellate jurisdiction over the appeal of a preference-eligible veteran, such as Campbell, alleging a violation of any statute or regulation relating to veterans' preference. To establish jurisdiction over a VEOA claim, the veteran must file a complaint with the Secretary of Labor within 60 days of the agency's violation. 5 U.S.C. § 3330a(a)(2)(A). He may then file an appeal with the Board no sooner than 61 days after filing the complaint with the Secretary of Labor or no later than 15 days after receiving written notification from the Department of Labor that it is unable to resolve the complaint. § 3330a(d)(1)(A), (B). Written notification to the Secretary of an intent to appeal must also be filed. § 3330a(d)(2)(A). In short, the appellant must show that he exhausted his Department of Labor remedy.

The Administrative Judge ordered Campbell to file evidence and argument in support of jurisdiction over his VEOA appeal. Campbell did not respond to that request and did not submit any evidence or argument of jurisdiction before the Administrative Judge or the Board. Therefore, the Board was correct to dismiss his VEOA appeal for lack of jurisdiction.

While Campbell did submit a letter from the Department of Labor on appeal, we will not consider that evidence and argument as it was not raised below. *See Elmore v. Dep't of Transp.*, 421 F.3d 1339, 1342 (Fed. Cir. 2005). Even so, the letter would not have established jurisdiction under VEOA. While Campbell is correct that the letter does show that he contacted the Department of Labor, it does not reference any complaint filed, the date of that complaint, the inability of the Department of Labor to resolve that complaint, or written notice of an appeal.

In conclusion, while the Board was correct in determining that it lacked jurisdiction over Campbell's constructive suspension and VEOA appeals, it erred by failing to consider whether Campbell had established jurisdiction based on a furlough of 30 days or less. Accordingly, we affirm in part, vacate in part, and remand for consideration of whether Campbell has established jurisdiction based on a furlough of 30 days or less.

## AFFIRMED IN PART, VACATED IN PART, AND REMANDED

### COSTS

No costs.