NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELMER E. CAMPBELL, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

AND

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2013-3166

---

Petition for review of the Merit Systems Protection Board in No. SF0752100331-M-1.

---

Decided: March 12, 2015

---

ELMER E. CAMPBELL, JR., Vallejo, California, pro se.

LINDSEY SCHRECKENGOST, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

NICHOLAS JABBOUR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by STUART F. DELERY, BRYANT G. SNEE, CLAUDIA BURKE.

_____

Before NEWMAN, LOURIE, and DYK, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Mr. Elmer E. Campbell, Jr. appeals the decision of the Merit Systems Protection Board ("MSPB"), holding that the action of the United States Postal Service in placing Mr. Campbell in reduced duty status was neither a constructive suspension nor an appealable furlough. He had alleged that the Postal Service's denial of eight hours per day of light-duty work was a constructive suspension pursuant to 5 U.S.C. §§ 7512 and 7513, and also that it violated the Rehabilitation Act of 1973, the Americans with Disabilities Act, and the Civil Rights Act of 1964.

This is the second MSPB decision adverse to Mr. Campbell. The first decision was appealed to the Federal Circuit; we affirmed the dismissal of the constructive suspension claim but remanded for consideration of "jurisdiction based on a furlough of thirty days or less." *Campbell v. Merit Sys. Prot. Bd.*, 456 Fed. Appx. 902 (Fed. Cir. 2011). On remand the MSPB adhered to its prior decision, also holding that the Postal Service's actions were permitted by the Collective Bargaining Agreement Between the American Postal Workers Union, AFL-CIO, and the Postal Service, *available at* http://www.apwu.org/sites/apwu/files/resourcefiles/APWU %20Contract%202010-2015.pdf ("Light duty assignments may be established from part-time hours, to consist of 8 hours or less in a service day and 40 hours or less in a service week."); *Campbell v. U.S. Postal Serv.*, 119 M.S.P.R. 489 (M.S.P.B. June 13, 2013). This is the MSPB decision now on appeal.

Meanwhile, the National Postal Mail Handlers Union had initiated a grievance on Mr. Campbell's behalf. In a letter to the Board, Mr. Campbell stated that "the issues in his grievances are the same presented in [his] initial petition before the Board . . . ." Intervenor's Br. at A12. That grievance was decided on January 29, 2013, by settlement agreement awarding Mr. Campbell full salary and benefits for the period at issue, from November 12, 2009 to Mr. Campbell's retirement on March 2, 2012. USPS Case No. F06M–1FC 10221922 (decision January 29, 2013); J.A. 12–23. The MSPB stated "the settlement agreement may provide full relief to Mr. Campbell as it relates to this matter . . . ," Respondent's' Brief Question 3 n.2, and the settlement agreement was contained in the Joint Appendix, J.A. 13.

Seeking clarification, we asked the parties whether this appeal should be dismissed as moot. *Campbell v. Merit Sys. Prot. Bd.*, 13–3166, ECF No. 39 (Fed. Cir. 2014). In response, Mr. Campbell reiterated his arguments on the merits and argued that the settlement was inadequate. Acknowledgement of Ct.'s Order 2, ECF No. 42. The MSPB response "[took] no position on whether the appeal should be dismissed as moot," stating that the MSPB had not, in the proceedings below, considered whether the settlement agreement provided full relief to Mr. Campbell. Resp't's Resp. at 1, ECF No. 40.

The Postal Service responded that the settlement agreement "covered all claims raised by Mr. Campbell in the board proceeding," Intervenor's Resp. at 2, and that "this matter has been settled; therefore, dismissal is appropriate," Intervenor's Resp. at 1, ECF No. 41.

The settlement agreement awards Mr. Campbell back pay and benefits from November 12, 2009 to March 2, 2012, and resolves the controversy in question. J.A. 13. Mr. Campbell's response has not established any remaining controversy. Accordingly, this appeal is

## DISMISSED

No costs.